UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE Sorokin

CIVIL ACTION NO.
05 11418 NMG

ANDREW CHMIELINSKI
Plaintiff

v.

COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE COMMISSIONER OF PROBATION
and COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT and JOHN J. O'BRIEN, INDIVIDUALLY
and ANTHONY J. SICUSO, INDIVIDUALLY
Defendants

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.      This is an action under 42 U.S.C. §1983 for deprivation of liberty and property interests in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution without due process of law. The action is brought by Andrew Chmielinski ("Chmielinski") a former Chief Probation Officer in the Milford, Massachusetts District Court. On February 20, 2004, the Office of the Commissioner of Probation terminated Plaintiff Chmielinski's employment, after conducting a hearing into allegations of misconduct made against Plaintiff Chmielinski. The hearing to determine whether Plaintiff Chmielinski's employment should be terminated, and the actions of Defendants in obtaining evidence for that hearing and during that hearing, constituted a violation of Plaintiff Chmielinski's right to due process of law. Defendants, Commonwealth of Massachusetts Office of the Commissioner of Probation and Commonwealth of Massachusetts Trial Court are sued in their capacity as Plaintiff Chmielinski's employer, and both equitable and

1

legal relief are sought from them. Defendants O'Brien and Sicuso, Officials of the Office of the Commissioner of Probation are sued in their individual capacity, and dollar damages are sought from them.

## JURISDICTION AND VENUE

2.   Jurisdiction over this matter lies in this Court pursuant to 28 U.S.C. §1343.

3.   Venue in this District Court is proper because the illegal actions complained of herein occurred in Boston, Suffolk County, Massachusetts.

## PARTIES

4.   Andrew Chmielinski is a resident of Weymouth, Norfolk County, Massachusetts. He is a citizen of the United States.

5.   Defendant Commonwealth of Massachusetts Office of the Commissioner of Probation ("Office of the Commissioner of Probation") is a political subdivision of the Commonwealth of Massachusetts and a branch of the government of the Commonwealth of Massachusetts, with a principle place of business in Boston, Suffolk County, Massachusetts. It is responsible for the illegal actions of Defendants O'Brien and Sicuso set forth herein.

6.   Defendant Commonwealth of Massachusetts Trial Court ("Massachusetts Trial Court") is a political subdivision of the Commonwealth of Massachusetts and a branch of the government of the Commonwealth of Massachusetts, with a principle place of business in Boston, Suffolk County, Massachusetts. It is responsible for the illegal actions of Defendants O'Brien and Sicuso set forth herein.

7.   Defendant John J. O'Brien ("Defendant O'Brien") is an individual residing in Quincy, Massachusetts. At all times relevant to this Complaint, he was the Commissioner of the Office of the Commissioner of Probation, and engaged in the illegal and retaliatory actions alleged in this Complaint. Defendant O'Brien is sued in his individual capacity.

8. Defendant Anthony J. Sicuso ("Defendant Sicuso") is an individual residing in Hopkinton, Massachusetts. At all times relevant to this Complaint, he was the Deputy Commissioner/Legal Counsel of the Office of the Commissioner of Probation, and engaged in the illegal and retaliatory actions alleged in this Complaint. Defendant Sicuso is sued in his individual capacity.

## FACTUAL BACKGROUND

9. Plaintiff Chmielinski started working as a Probation Officer for the Trial Court on a temporary basis in 1976.

10. Plaintiff Chmielinski worked for the Trial Court as a Probation Officer on a permanent basis starting in 1979. From 1979 through 1981, Plaintiff Chmielinski worked as a Probation Officer in the Dorchester District Court. From 1981 through 1996, Plaintiff Chmielinski worked as the Assistant Chief Probation Officer in the Dorchester District Court. From 1996 through May 2003, Plaintiff Chmielinski worked as the Chief Probation Officer in the Milford District Court. Plaintiff was placed on paid administrative leave from his position from May 2003 through the termination of his employment on February 20, 2004.

11. In May of 2003, Plaintiff Chmielinski was involuntarily placed on administrative leave with pay from his position as Chief Probation Officer for the Milford District Court.

12. On or about February 20, 2004, Plaintiff Chmielinski's employment as Chief Probation Officer for the Milford District Court ended, when his employment with Trial Court was terminated by the Trial Court.

13. Since on or about 1995, Plaintiff Chmielinski has suffered from diabetes and complications from diabetes. In 1995, Plaintiff Chmielinski was diagnosed with a hearing disability, and since 1995 he has worn two (2) hearing aids to enable him to deal with this disability.

14. Starting in 2002, Plaintiff Chmielinski was diagnosed with a number of serious medical conditions which he had not previously been aware of. Specifically, on or about August 8, 2002,

Plaintiff Chmielinski was diagnosed with a Stage IV Malignant Melanoma (skin cancer), which he then began treatment for. On or about December 2002, Plaintiff Chmielinski was diagnosed with an escalation of episodes of sleep apnea which he then began treatment for. The treatment required use of a CPAP machine. On or about January 2004, Plaintiff Chmielinski was diagnosed with a form of epilepsy, which he then began treatment for. In December 2002 and February 2003, Plaintiff Chmielinski had further surgical procedures to treat his melanoma. In December 2002, Plaintiff Chmielinski had a medical workup to determine if he suffered from prostate cancer. It took four months to determine the results of the examination for this disease, which eventually turned out to be negative.

15. On April 15, 2003, Plaintiff Chmielinski learned that his supervisors within the Trial Court/Office of the Commissioner of Probation had complaints regarding his work performance, although he did not know specifically what the nature of those complaints were. On April 15, 2003, Plaintiff Chmielinski received a letter from Defendant Anthony C. Sicuso indicating that there were allegations of misconduct made against him. At a meeting earlier on May 13, 2003, Defendant Sicuso indicated that there were allegations of misconduct against Plaintiff Chmielinski, but Defendant Sicuso refused to provide Plaintiff Chmielinski or his attorney with any specifics as to the nature of the allegations being made.

16. On May 16, 2003, Plaintiff Chmielinski was involuntarily placed on administrative leave with pay. In a letter he received from Defendant Sicuso dated May 16, 2003, Defendant Sicuso stated that although the allegations had not been proved, he believed "they are plausible." Defendant Sicuso also informed Plaintiff Chmielinski in his letter that Plaintiff Chmielinski was relieved of duties effective immediately and placed on administrative leave with pay. Most importantly, in his letter of May 16, 2003, Defendant Sicuso stated the following:

> "You are to comply with the following directives:
>
> --Stay away from the premises of the Milford Division of the District Court Department
> --Refrain from all contact with any employees or former employees of the Milford Division of the District Court Department
> --Immediately surrender, to Supervisor Donald T. Moran, all keys and passes of any nature for the premises of the Milford Division

4

>   --Refrain from all conflict, intimidating/retaliatory behavior and from any behavior which creates the appearance of conflict, of intimidation or retaliation
>
>   Any failure to comply with the administrative leave or any of the other directives contained herein may be a cause for disciplinary action in and of itself."

The provision in Defendant Sicuso's order that as a condition of Plaintiff's administrative leave neither Plaintiff nor (by implication) his attorneys or agents could have any conduct with any present or former employees of the Milford District Court effectively prevented Plaintiff Chmielinski or his counsel from ever conducting any investigation into the allegations made against Plaintiff Chmielinski which were the basis for his termination in February of 2004. This order by Defendant Sicuso, which was without basis in fact or law, effectively required Plaintiff Chmielinski to defend against the charges brought against him during his hearing of February of 2004, without the benefit of any effective investigation into the allegations being made against him, and without effectively being able to discover witnesses or to prepare evidence to be used in his defense. Defendant Sicuso knew when issuing this order under threat of discipline that by doing so he would be preventing Plaintiff Chmielinski from effectively investigating his case, developing evidence or being able to present evidence in his defense.

17.   During May and June of 2003, the Trial Court/Office of the Commissioner of Probation conducted an investigation into the allegations of misconduct against Plaintiff Chmielinski. The investigation was improper. It was biased, it was based upon predetermined conclusions, and it was unfair. The Investigation Report contained hearsay upon hearsay or in other words, vast amounts of "totem pole hearsay." As the Report of the investigation was drafted by Regional Supervisor Elizabeth Slaney, it is referred to herein as the "Slaney Report." The Slaney Report was prepared at the direction of and under the supervision of Defendant Sicuso.

18.   After receiving and reviewing the Slaney Report, Officials of the Trial Court/Office of the Commissioner of Probation conducted further investigation of the allegations against Plaintiff Chmielinski to determine the charges to be filed against Plaintiff. In this regard it must be noted that one of the eventual charges against Plaintiff Chmielinski was that he had engaged in shoplifting at a Stop & Shop on September 12, 2002. The incident occurred immediately after Plaintiff Chmielinski had completed surgery and was under the influence of medications and

narcotic pain medications. The Braintree Police Officer involved in the incident refused to arrest Mr. Chmielinski and placed Mr. Chmielinski in protective custody due to his impaired state. The matter was disposed of when no complaint was issued. However, in relation to the improper and unfair attempts to create additional evidence, Defendant Sicuso engaged in the following actions: [a] pressuring a Stop & Shop Security Officer to rewrite and elaborate upon the incident in which Plaintiff Chmielinski had been involved several years previously, despite the fact that the Security Officer had no job related reason to provide additional information to his reports; and [b] Defendant Sicuso used his position as an Official with the Office of the Commissioner of Probation and the Trial Court to obtain confidential nonpublic records related to the shoplifting incident which were within the Quincy District Court, which he would not have had access to as a member of the public or as an attorney.

19.     In early September, 2003, Plaintiff Chmielinski received a letter dated September 4, 2003, from the Office of the Commissioner of Probation/Trial Court charging him with various acts of misconduct. In summary, the allegations consisted of the following: [1] engaging in shoplifting of items valued at less than $100.00 on September 12, 2002; [2] applying for and obtaining a "blue light permit" and mounting the light on the dashboard of Plaintiff Chmielinski's car; [3] providing information to his brother, Hilary Chmielinski, regarding Hilary Chmielinski's court activity record information; [4] creating the appearance of impropriety in the matter of a speeding ticket issued against his brother, Hilary Chmielinski; [5] carrying a fire arm while in the performance of his duties some four (4) years previously; and [6] being involved in allegedly improper interactions with other court employees. As to all of the allegations, they were either non-job related, based upon activity which occurred a substantial time prior to the making of the charges, or were matters in which Plaintiff Chmielinski did not engage in improper conduct. Many if not all of the allegations were based upon the improper investigation which had been conducted prior to September of 2003, by the Defendants.

20.     A hearing was conducted on behalf of the Trial Court/Office of the Commissioner of Probation on January 12, 2004 and January 21, 2004 in relation to the allegations of misconduct against Plaintiff Chmielinski. The hearing was conducted by Commissioner of Probation John J. O'Brien on behalf of the Trial Court/Office of the Commissioner of Probation.

21.     The hearing conducted by Commissioner of Probation John J. O'Brien on January 12, 2004 and January 21, 2004, was the only "hearing" conducted in relation to the charges of misconduct against Plaintiff Chmielinski. This was the only opportunity Plaintiff Chmielinski had to present evidence on his behalf or to question, other than through oral argument or written argument, the evidence, conclusions or findings of the Trial Court/Office of the Commissioner of Probation.

22.     The hearing conducted by Commissioner of Probation John J. O'Brien on January 12, 2004 and January 21, 2004, contained numerous serious procedural errors and defects, all of which were harmful to Plaintiff Chmielinski, all of which served to deprive Plaintiff Chmielinski of a fair hearing, and all of which served to deny Plaintiff Chmielinski his constitutional right to procedural due process and substantive due process. Some of the procedural defects and errors were caused by the prior improper actions of the Defendants in investigating and prosecuting the charges against Plaintiff Chmielinski, which actions additionally impacted upon Plaintiff Chmielinski's right to have a fair hearing and to have the right to procedural and substantive due process of law. None of these serious procedural defects or errors were correctable in any later proceedings conducted by the Trial Court/Office of the Commissioner of Probation in relation to the charges against Plaintiff Chmielinski. The procedural defects and errors consisted, among other things, of the following:

[a] The testimony of witnesses was not taken under oath. Witnesses were not sworn and did not have to affirm the truth of their testimony.

[b] Hearsay testimony and totem pole hearsay testimony was admissible.

[c] Due to the prior "stay away/no contact order" issued by Defendant Sicuso, Plaintiff Chmielinski was not able to prepare or present an adequate defense to the charges against him, was not able to present or prepare adequate evidence to defend against the charges against him, was not able to adequately investigate the facts bearing upon the charges against him, and was surprised by the testimony presented against him.

[d] Plaintiff Chmielinski was denied the right to engage in discovery prior to the hearing, and was denied access to documentation (including documentation he himself had prepared) which would have enabled him to either attack the credibility of the witnesses testifying against him, or to further his defense in other ways. As a result, Plaintiff Chmielinski was not able to prepare or

present an adequate defense to the charges against him. One of the main reasons that Plaintiff Chmielinski was denied the right to engage in discovery, was the refusal of Defendant Sicuso to provide to Plaintiff Chmielinski's attorneys, documents they had requested in order to properly prepare the case. Defendant Sicuso knew in denying this discovery that he would be preventing Plaintiff Chmielinski from adequately preparing his case or presenting an adequate defense to the charges against him.

[e] The evidence which had improperly been created and improperly obtained by Defendant Sicuso during the investigation he conducted was allowed into evidence during the hearing. This improper evidence consisted of the enhanced report of the Stop & Shop Security Officer regarding the shoplifting charge, and the confidential and nonpublic records of the Quincy District Court regarding the shoplifting charge.

[f] Substantial amounts of evidence presented at the hearing by Plaintiff Chmielinski were not addressed or considered by the decision-maker conducting the hearing.

[g] The result of the hearing was predetermined.

[h] The biased and improper "Slaney Report" was allowed into evidence. Due to the hearsay and totem pole hearsay contained in the Slaney Report, this evidence was presented without Plaintiff Chmielinski having had the opportunity to cross-examine the individuals whose testimony was repeated in the Slaney Report.

[i] Hearsay evidence which was harmful to Plaintiff Chmielinski's defense (the Slaney Report) was allowed into evidence even though its author and the statements in it were not subject to cross-examination.

[j] The attorney for the Trial Court/Office of the Commissioner of Probation was improperly allowed to ask leading questions of witnesses.

[k] Documentary evidence submitted by the Trial Court/Office of the Commissioner of Probation was admitted into evidence without authentication.

[l] Unreliable hearsay evidence was admitted into evidence.

[m] It had been agreed at the conclusion of the hearing that counsel for Plaintiff Chmielinski would be allowed to submit a written summary of the evidence and/or closing argument after receipt of the transcripts of the hearing. However, rather than allowing counsel to submit this summary/closing, the hearing officer, Defendant O'Brien issued his decision on the charges one-day after receipt of the transcript, despite the fact that the transcript was hundreds of pages long.

[n] Credible evidence submitted by Plaintiff Chmielinski at the hearing was ignored.

[o] One day during the hearing, Hearing Officer Defendant O'Brien had lunch with one of the attorneys representing the Trial Court/Office of the Commissioner of Probation in the case, thus indicating his bias.

[p] Witnesses presented by the Trial Court/Office of the Commissioner of Probation were allowed to sit in a room together and discuss their testimony prior to presenting their testimony on the witness stand.

[q] The outcome of the hearing had been predetermined by the Hearing Officer prior to the start of the hearing, and prior to the hearing officer having heard the evidence presented at the hearing.

23. On February 20, 2004, Defendant O'Brien issued his decision on the charges against Plaintiff Chmielinski. Although he found in favor of Plaintiff Chmielinski in relation to some of the charges, Defendant O'Brien ordered Plaintiff Chmielinski be discharged from employment immediately.

24. By letter dated March 1, 2004, Plaintiff Chmielinski appealed the decision of the Trial Court/Commissioner of Probation terminating his employment with the Trial Court. This Appeal was specifically made to the Chief Justice for Administration and Management. The written Appeal was a detailed argument setting forth why the decision of the Commissioner of Probation on behalf of the Trial Court was arbitrary, capricious, unfair and a violation of Plaintiff Chmielinski's rights. There was no additional hearing conducted in relation to this Appeal, and Plaintiff Chmielinski had no additional opportunity to either present witnesses, cross-examine witnesses or challenge evidence other than on paper. On August 19, 2004, Chief Justice for Administration and Management Robert Mulligan denied Plaintiff Chmielinski's Appeal and upheld the decision of the Commissioner of Probation.

25. Pursuant to M.G.L. c.211B §8 as well as the Trial Court's Rules of Procedure, on November 19, 2004, Plaintiff Chmielinski presented an oral argument urging the overturning of the decision of the Trial Court/Office of the Commissioner of Probation terminating his employment to the Advisory Committee on Personnel Standards of the Trial Court. This committee consisted of the Chief Justices of the various court departments constituting the Massachusetts Trial Court. On November 19, 2004, the Advisory Committee on Personnel Standards voted to affirm Plaintiff Chmielinski's removal from his position as Chief Probation Officer of the Milford District Court and informed Chief Justice Mulligan of this decision by

letter dated November 23, 2004. Plaintiff Chmielinski's attorney was made aware of this decision by letter from Chief Justice Mulligan dated November 29, 2004.

26. After the decision of the Advisory Committee on Personnel Standards, Plaintiff Chmielinski had no further right of appeal of the decision terminating his employment. Plaintiff Chmielinski has no statutory right to contest either the termination of his employment or the procedural errors and omissions cited in this Complaint. Other than this action pursuant to 42 U.S.C. §1983, Plaintiff Chmielinski has no statutory or common law right to challenge either the termination of his employment or the procedural errors and defects which deprived him of his Fifth Amendment and Fourteenth Amendment rights to due process of law during the course of the proceedings terminating his employment.

27. In accordance with the Personnel Manual of the Trial Court as well as M.G.L. c.211B, Plaintiff Chmielinski's employment with the Trial Court could only be terminated for just cause after he was given an opportunity to defend against charges made against him. Accordingly, Plaintiff Chmielinski has a reasonable expectation of continued employment with the Trial Court/Office of the Commissioner of Probation. As a result of this reasonable expectation of continued employment, Plaintiff Chmielinski's employment with the Trial Court/Office of the Commissioner of Probation was a constitutionally protected property interest.

28. Plaintiff Chmielinski's constitutionally protected property interest in continued employment is subject to the protections of the Fifth and Fourteenth Amendments to the United States Constitution guaranteeing Plaintiff Chmielinski the right not to be deprived of a property interest without due process of law.

29. Plaintiff Chmielinski had a constitutionally protected liberty interest in his reputation. By the nature of the charges brought against Plaintiff Chmielinski, including charges alleging that he had engaged in shoplifting and other actions questioning Plaintiff's honesty and integrity, Plaintiff Chmielinski's reputation was damaged by the charges brought against him and by the termination of his employment, thus depriving him of a liberty interest without due process of law.

30. The violations of Plaintiff Chmielinski's due process rights encompassed by the defective investigation performed by the Defendants as well as the defective hearing conducted by the Defendants prevented substantial justice from being done in relation to the determination of whether Plaintiff Chmielinski's employment should be terminated.

31. The actions of the Defendants as set forth above in conducting a defective and improper investigation of the allegations against Plaintiff Chmielinski as well as conducting an improper and defective hearing on the charges against Plaintiff Chmielinski constitute a wrongful deprivation of Plaintiff Chmielinski's liberty and property interests.

32. Plaintiff Chmielinski had no adequate remedies after the deprivation of his liberty and property interest, to correct those deprivations.

33. The actions of the Defendants set forth above denied Plaintiff Chmielinski the opportunity to be heard in a meaningful manner regarding the charges brought against him upon which his employment was terminated.

34. Plaintiff Chmielinski had no civil service remedies to rectify the harms done to him by the Defendants or to rectify the termination of his employment.

35. The Trial Court and the Office of the Commissioner of Probation did not provide Plaintiff Chmielinski with an adequate remedy to correct the deprivation of his due process rights.

36. The actions of the Defendants set forth above played a causal role in the deprivation of Plaintiff Chmielinski's constitutional rights to due process of law and his right not to be deprived of property or liberty interests without due process of law pursuant to the Fifth Amendment and the Fourteenth Amendment to the United States Constitution.

37. The actions of the Defendants as set forth above have caused Plaintiff Chmielinski severe financial harm as well as severe emotional pain and suffering. The financial and emotional

harms which Defendants' actions have caused Plaintiff Chmielinski to suffer will continue into the future.

38.  The actions of the Defendants as set forth herein were intentional, willful and knowing. The Defendants' actions were taken with the knowledge that these actions would deprive Plaintiff Chmielinski of his constitutional rights not to be deprived of liberty and property interests without due process of law.

## COUNT I
### AGAINST DEFENDANT O'BRIEN FOR VIOLATION OF 42 U.S.C. §1983

39.  The Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-38 above.

40.  In relation to the illegal and improper actions set forth above depriving Plaintiff Chmielinski of his liberty and property interests without due process of law, which actions were taken by Defendant O'Brien in his position as Commissioner of the Office of the Commissioner of Probation, Defendant O'Brien was acting under color of state law in depriving Plaintiff Chmielinski of his rights under the Fifth and Fourteenth Amendments to the United States Constitution not to be deprived of liberty or property interests without due process of law. By engaging in these improper actions contrary to Plaintiff Chmielinski's constitutional rights, Defendant O'Brien has violated 42 U.S.C. §1983. Defendant O'Brien's actions in violation of 42 U.S.C. §1983 set forth herein have caused injury to Plaintiff Chmielinski in the form of financial and emotional damages.

41.  Defendant O'Brien's actions in violation of 42 U.S.C. §1983 set forth herein, were done intentional, willfully and knowing, with knowledge of their wrongfulness. Defendant O'Brien is directly and personally responsible for his unlawful conduct, and was personally involved in committing the unlawful conduct.

42. By his actions set forth herein, Defendant O'Brien has, while acting under color of state law, deprived Plaintiff Chmielinski of his rights and privileges under the United States Constitution in violation of 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff Chmielinski demands that this Court enter Judgment in his favor and against Defendant O'Brien in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT II
### AGAINST DEFENDANT SICUSO FOR VIOLATION OF 42 U.S.C. §1983

43. The Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-42 above.

44. In relation to the illegal and improper actions set forth above depriving Plaintiff Chmielinski of his liberty and property interests without due process of law, which actions were taken by Defendant Sicuso in his position as Deputy Commissioner/Legal Counsel of the Office of the Commissioner of Probation, Defendant Sicuso was acting under color of state law in depriving Plaintiff Chmielinski of his rights under the Fifth and Fourteenth Amendments to the United States Constitution not to be deprived of liberty or property interests without due process of law. By engaging in these improper actions contrary to Plaintiff Chmielinski's constitutional rights, Defendant Sicuso has violated 42 U.S.C. §1983. Defendant Sicuso's actions in violation of 42 U.S.C. §1983 set forth herein have caused injury to Plaintiff Chmielinski in the form of financial and emotional damages.

45. Defendant Sicuso's actions in violation of 42 U.S.C. §1983 set forth herein, were done intentional, willfully and knowing, with knowledge of their wrongfulness. Defendant Sicuso is directly and personally responsible for his unlawful conduct, and was personally involved in committing the unlawful conduct.

46. By his actions set forth herein, Defendant Sicuso has, while acting under color of state law, deprived Plaintiff Chmielinski of his rights and privileges under the United States Constitution in violation of 42 U.S.C. §1983.

**WHEREFORE,** Plaintiff Chmielinski demands that this Court enter Judgment in his favor and against Defendant Sicuso in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT III
## AGAINST DEFENDANT COMMONWEALTH OF MASSACHUSETTS TRIAL COURT FOR VIOLATION OF 42 U.S.C. §1983

47. The Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-46 above.

48. Defendant Sicuso and Defendant O'Brien were acting in their official capacities as Deputy Commissioner/Legal Counsel and Commissioner of the Office of the Commissioner of Probation when they took the actions set forth herein which violated Plaintiff Chmielinski's constitutional rights and which violated 42 U.S.C. §1983. Accordingly, the Defendant Commonwealth of Massachusetts Trial Court is fully responsible for their actions.

**WHEREFORE,** Plaintiff Chmielinski demands that this Court enter Judgment in his favor and against Defendant Commonwealth of Massachusetts Trial Court in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, that he be ordered reinstated to his position as Chief Probation Officer with the Milford District Court, that he be granted all pay and benefits to which he is entitled as a result of such reinstatement, including back pay, seniority and pension benefits, and such other and further relief that this Court deems just and proper.

## COUNT IV

## AGAINST DEFENDANT COMMONWEALTH OF MASSACHUSETTS OFFICE OF THE COMMISSIONER OF PROBATION FOR VIOLATION OF 42 U.S.C. §1983

49.  The Plaintiff realleges and incorporates by reference as if fully set forth herein ¶¶ 1-48 above.

48.  Defendants Defendant Sicuso and Defendant O'Brien were acting in their official capacities as Deputy Commissioner/Legal Counsel and Commissioner of the Office of the Commissioner of Probation when they took the actions set forth herein which violated Plaintiff Chmielinski's constitutional rights and which violated 42 U.S.C. §1983 . Accordingly, the Defendant Commonwealth of Massachusetts Office of the Commissioner of Probation is fully responsible for their actions.

**WHEREFORE,** Plaintiff Chmielinski demands that this Court enter Judgment in his favor and against Defendant Commonwealth of Massachusetts Office of the Commissioner of Probation in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, that he be ordered reinstated to his position as Chief Probation Officer with the Milford District Court, that he be granted all pay and benefits to which he is entitled as a result of such reinstatement, including back pay, seniority and pension benefits, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues and counts so triable.

ANDREW CHMIELINSKI
By His Attorney,

_____
Mitchell J. Notis, BBO #374360
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700

DATED: 7/6/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Andrew Chmielinski vs. Commonwealth of Massachusetts Office of the Commissioner of Probation**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

   *05 11418 NMG*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   **None**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Mitchell Notis - Law Office of Mitchell Notis**
ADDRESS **370 Washington St., Brookline, MA 02445**
TELEPHONE NO. **617-566-2700**

(CategoryForm.wpd -5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Andrew Chmielinski

**DEFENDANTS** Commonwealth of Mass Office of the Commissioner of Probation, Comm of Mass Trial Court, John J. O'Brien, Anthony Sicusa

(b) County of Residence of First Listed Plaintiff  **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
617-566-2700  BBO# 374360
Mitchell Notis  370 Washington St.
Law Office of Mitchell Notis  Brookline, MA 02445

Attorneys (If Known)  N/K

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability  ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander  ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine  **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product  ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability  ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury |   & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment  Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations  ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment  ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities -  ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S. Code § 1983
Brief description of cause:
Plaintiff terminated from employment without due process - 5th + 14th Amendment violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE  none
DOCKET NUMBER

DATE  7/6/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE