UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDREW CHMIELINSKI
    Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS,
OFFICE OF THE COMMISSIONER OF
PROBATION and COMMONWEALTH OF
MASSACHUSETTS TRIAL COURT and
JOHN J. O'BRIEN, INDIVIDUALLY and
ANTHONY R. SICUSO, INDIVIDUALLY,
    Defendants.

CIVIL ACTION
05-11418-NMG

## ANSWER OF ALL DEFENDANTS[1]

All Defendants named in the above-captioned action Answer the Complaint as follows:

### INTRODUCTION

1. No response required to introductory material. Further answering Defendants deny each and every allegation contained in this Paragraph.

### JURISDICTION AND VENUE

2. The alleged statute speaks for itself. No response required to contentions of law. Further answering, Denied.

3. No response required to contentions of law. Allegations of illegal actions are Denied.

### PARTIES

4. Admitted.

---

[1] N.B. Defendant Sicuso's middle initial is "R."

5. Defendants deny responsibility, legal and/or factual for the acts alleged. All other allegations of this Paragraph are matters of statutory and constitutional law requiring no response, and are in any event denied.

6. The Commonwealth denies responsibility, legal and/or factual for the acts alleged. All other allegations of this Paragraph are admitted.

7. Denied that Defendant O'Brien engaged in illegal and/or retaliatory conduct. No response required to "individual capacity" allegation, however see Defendants' affirmative defenses to this action. The remainder of the Paragraph is admitted.

8. Denied that Defendant Sicuso engaged in illegal and/or retaliatory conduct. No response required to "individual capacity" allegation, however see Defendants' affirmative defenses to this action. The remainder of the Paragraph is admitted.

## FACTUAL BACKGROUND

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendants are without sufficient knowledge either to admit or deny the allegations of this Paragraph, on which basis they deny each and every allegation contained therein. Defendants' investigation is ongoing, and Defendants reserve the right to supplement this response as investigation and discovery warrant.

14. Defendants are without sufficient knowledge either to admit or deny the allegations of this Paragraph, on which basis they deny each and every allegation contained therein. Defendants' investigation is ongoing, and Defendants reserve the right to supplement this response as investigation and discovery warrant.

15. The alleged writing speaks for itself. Admitted that Defendant Sicuso informed Plaintiff of allegations. Denied that any May 13, 2003 meeting preceded any April 13, 2003 letter.

16. Admitted that Plaintiff was placed on administrative leave on May 16, 2003. The alleged writing of May 16, 2003 speaks for itself. Defendants deny each and every further allegation of this Paragraph.

17. Admitted that Defendants investigated allegations of misconduct. Admitted that Defendant Sicuso directed Regional Supervisor Slaney to draft a report, which speaks for itself. Admitted that the report contained hearsay, however any implication that consideration of hearsay evidence was improper is denied. The remainder of this Paragraph is characterization requiring no response, which is furthermore denied.

18. The first two sentences of this Paragraph are admitted. Defendants are without sufficient knowledge either to admit or deny the allegations of the third through and including the fifth sentence of this Paragraph, on which basis they deny each and every allegation contained therein. Defendants' investigation is ongoing, and Defendants reserve the right to supplement this response as investigation and discovery warrant. Defendants deny each and every further allegation contained in this Paragraph.

19. The alleged writing speaks for itself. Defendants deny each and every further allegation contained in this Paragraph.

20. Admitted.

21. The alleged hearing dates are admitted. The statutory, regulatory, and procedural law under which Plaintiff presented his evidence speaks for itself.

22.

    a. Admitted. Any implication that oaths were required is Denied.

    b. Admitted that the hearsay in this forum was admissible.

    c. Denied.

    d. Defendants deny each and every allegation of this Paragraph.??

    e. Defendants deny each and every allegation of this Paragraph.

    f. The hearing transcript speaks for itself. No response required to Plaintiff's characterization of the proceedings. Furthermore, denied.

    g. Denied.

    h. Admitted that the Slaney Report came in; the characterization of bias is a characterization requiring no response and is furthermore denied. Admitted that Plaintiff could not cross-examine witnesses he did not call. Any implication that the alleged testimony was improper is a matter of law and is furthermore denied.

    i. Admitted that hearsay came into evidence. Any implication that the alleged testimony was improperly admitted -- which is a matter of law, not requiring a response in any event -- is denied. Whether any testimony was harmful to Plaintiff is argument, requiring no response.

    j. Denied.

    k. Admitted. However, any implication that authentication was required is denied.

    l. Admitted that hearsay came in. Any implication that the alleged evidence was improper -- which is a matter of law, not requiring a response in any event -- is denied. No response required to the argument that the hearsay was "unreliable."

    m. Denied.

    n.    No response required to argument.

    o.    The alleged lunch is admitted. The remainder of this Paragraph is argument, to which no response is required, but whish is furthermore denied.

    p.    Admitted that witnesses sat together Defendants are without sufficient knowledge either to admit or deny the remaining allegations of this Paragraph, on which basis they deny each and every further allegation contained therein. Defendants' investigation is ongoing, and Defendants reserve the right to supplement this response as investigation and discovery warrant.

    q.    Denied.

23.    The alleged decision speaks for itself.

24.    The alleged writings speak for themselves.

25.    The alleged writings speak for themselves; otherwise, admitted.

26.    Plaintiff's discussion of law requires no response; furthermore, denied.

27.    The Personnel Manual and G.L. c. 211B speak for themselves. No response required to legal argument, however Defendants deny each and every further allegation contained in this Paragraph.

28.    No response to legal argument required.

29.    Defendants deny each and every allegation contained in this Paragraph.

30.    Defendants deny each and every allegation contained in this Paragraph.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Admitted. Any implication that Civil Service applies, or that Plaintiff was thereby denied due process is denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT I

### AGAINST DEFENDANT O'BRIEN FOR VIOLATION OF 42 U.S.C §1983

39. No response required to re-incorporation Paragraph.

40. Defendants deny each and every allegation contained in this Paragraph.

41. Defendants deny each and every allegation contained in this Paragraph.

42. Denied.

## COUNT II
### AGAINST DEFENDANT SICUSO FOR VIOLATION OF 42 U.S.C §1983

43. No response required to re-incorporation Paragraph.

44. Defendants deny each and every allegation contained in this Paragraph.

45. Defendants deny each and every allegation contained in this Paragraph.

46. Denied.

## COUNT III

### AGAINST DEFENDANT COMMONWEALTH OF MASSACHUSETTS TRIAL COURT FOR VIOLATION OF 42 U.S.C §1983

47. No response required to re-incorporation Paragraph.

48. The allegations of Defendants' conduct is denied. That the Commonwealth is responsible for Defendants' conduct is legal argument to which no response is required; it is furthermore denied.

# COUNT IV

## AGAINST DEFENDANT COMMONWEALTH OF MASSACHUSETTS OFFICE OF THE COMMISSIONER OF PROBATION FOR VIOLATION OF 42 USC §1983

49.     No response required to re-incorporation Paragraph.

50.     The allegations of Defendants' conduct is denied. That the Commonwealth is responsible for Defendants' conduct is legal argument to which no response is required; it is furthermore denied.

**WHEREFORE**, all Defendants pray that Plaintiff take nothing by this action, that judgment enter for each Defendant, and that the Complaint as against each Defendant be dismissed with prejudice.

### AFFIRMATIVE DEFENSE NO. 1.

Defendants generally deny the allegations of the Complaint, deny that they violated Plaintiff's rights, deny Plaintiff's injuries and deny that their conduct caused Plaintiff's injuries. Defendants call upon Plaintiff to prove: (1) jurisdiction; (2) each and every element of this cause of action; (3) causation; and (4) damages and each and every element of his right thereto.

### AFFIRMATIVE DEFENSE NO. 2.

The Complaint is barred by sovereign immunity and the Eleventh Amendment of the Federal Constitution, and the Court is without subject-matter jurisdiction of this matter.

### AFFIRMATIVE DEFENSE NO. 3.

The Complaint fails to state a claim upon which relief may be granted.

### AFFIRMATIVE DEFENSE NO. 4.

Defendants are not "persons" for purposes of 42 USC §1983, and cannot be sued thereunder.

### AFFIRMATIVE DEFENSE NO. 5.

Defendants enjoy absolute immunity from this claim.

### AFFIRMATIVE DEFENSE NO. 6.

Defendants enjoy qualified immunity from this claim.

### AFFIRMATIVE DEFENSE NO. 7.

Defendants enjoy absolute judicial immunity from this claim.

### AFFIRMATIVE DEFENSE NO. 8.

Defendants enjoy quasi-judicial immunity from this claim.

### AFFIRMATIVE DEFENSE NO. 9.

Plaintiff has failed to exhaust state remedies and is not entitled to relief.

**Defendants reserve the right to supplement these defenses. Defendants request a trial by jury as to all issues so triable.**

All Defendants,
By Their Attorney,

/s
Stephen Dick BBO #560508
Assistant Attorney General
Trial Division/Gov't. Bureau
1 Ashburton Place
Boston MA 02108
617-727-2200 x3324
fax 617-727-2076
stephen.dick@ago.state.ma.us

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above **Notice of Appearance** was served upon Plaintiff's counsel by first-class mail addressed to Mitchell J. Notis, Esq., Law Office of Mitchell J. Notis, 370 Washington Street, Brookline MA 02445, on **October 4, 2005**.

Dated: October 4, 2005