UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11418-NMG
_____

**ANDREW CHMIELINSKI**
Plaintiff

v.

**COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE COMMISSIONER OF PROBATION
and COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT and JOHN J. O'BRIEN, INDIVIDUALLY
and ANTHONY J. SICUSO, INDIVIDUALLY**
Defendants

_____

JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1(D), the parties hereby submit the following Agenda for Scheduling Conference and Proposed Pretrial Schedule. There are no areas of dispute with regard to the Proposed Pretrial Schedule.

**I. <u>Agenda of Matters to be Discussed at Scheduling Conference</u>**

   A. <u>Proposed Pretrial Schedule</u>

     1. Motion Schedule
     2. Discovery Plan
     3. Pretrial Conference
     4. Any matter listed in FRCP 16(c), or which the Court deems appropriate.

   B. <u>Mediation/Alternative Dispute Resolution</u>

   C. <u>Trial by Magistrate Judge</u>

   D. <u>Plaintiff's Settlement Proposal</u>

## II.  Proposed Pretrial Schedule

### A.  Initial Dispositive Motion

**1.  Defendants' dispositive motion to be filed on or before March 1, 2006. Plaintiff's Opposition to be filed on or before April 3, 2006.**

Defendants desire to file an initial dispositive motion in this action.  However, due to the briefing and trial schedule of counsel for Defendants, the dispositive motion cannot be filed prior to March 1, 2006.  Additionally, as the parties desire that Plaintiff have a period of thirty days in which to oppose the dispositive motion, and as Counsel for plaintiff is going to be on a long-planned vacation outside the United State from February 16, 2006 through February 27, 2006, Plaintiff will not be able to have the thirty days in which to oppose the dispositive motion unless Plaintiff's opposition is due to be filed on or before April 3, 2006.  Accordingly, in order to accommodate all parties to this action, it is respectfully requested that Defendants have until March 1, 2006 to file any initial dispositive motion, and that Plaintiff have until April 3, 2006 to oppose any such motion.

### B.  Discovery Plan

1.  **Deadline for the Completion of Fact Discovery:  Six months after the disposition of the initial dispositive motion, if necessary.**

Discovery shall be served so that the responses shall be served or depositions shall be completed within six months after disposition of the initial dispositive motion, should the disposition of that motion not completely dispose of all claims in this action.  For the time being, the parties agree that the discovery shall be conducted pursuant to the limitations set forth in Local Rule 26.1(C).  Neither party waives the right to seek leave of court to conduct discovery beyond that provided for in the Local Rules.  Should either party determine that discovery beyond the limitations set forth in Local Rule 26.1 (C) is needed, such party will endeavor to reach agreement on the issue with opposing counsel before raising it with the Court.

2.  **Experts**: Expert disclosure required by FRCP 26(a)(2), if any, will be made by sixty days after the completion of fact discovery.  Any expert depositions shall be completed thirty days after expert disclosure.

      C.    **Motion Schedule**

1. Motions for Summary Judgment pursuant to Rule 56 shall be filed by sixty days after the completion of fact discovery.  Oppositions to any Motions for Summary Judgment shall be filed by thirty days after the filing of any such Summary Judgment Motion.

      D.    **Pretrial Conference**

The parties will be prepared to meet with the Court to discuss scheduling the trial of this matter thirty days after the disposition of any summary judgment motions.

**III.   Automatic Disclosure**

In light of Defendants' intention to file a dispositive motion which may obviate the need for discovery in this action, Defendants request that the automatic disclosure required by Rule 26 (a)(1) be postponed until thirty days after the disposition of Defendants' dispositive motion, if such disclosures are necessary after the dispositive motion has been ruled upon.

**IV.  Certification By Counsel and Parties**

Pursuant to Local Rule 16.1 (D)(3), certifications from counsel and authorized representatives of each party that they have conferred on the matters set forth in that Rule have been executed and filed with the Court.

ANDREW CHMIELINSKI
By his attorney,

/s/Mitchell J. Notis

_____
Mitchell J. Notis
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
617-566-2700

COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE COMMISSIONER OF PROBATION
AND TRIAL COURT, JOHN J. O'BRIEN, ANTHONY SICUSO

By their attorneys,

/s/Stephen Dick

_____
Thomas F. Reilly
Attorney General
Stephen Dick
Assistant Attorney General
Trial Division
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-727-2200, ext. 3324