UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-CA-11418-NMG

| | |
|---|---|
| ANDREW CHMIELINSKI, | ) |
|         Plaintiff, | ) |
| | ) |
|         v. | ) |
| | ) |
| COMMONWEALTH OF MASSACHUSETTS | ) |
| OFFICE OF THE COMMISSIONER OF | ) |
| PROBATION, COMMONWEALTH OF | ) |
| MASSACHUSETTS TRIAL COURT, JOHN J. | ) |
| O'BRIEN, individually, and ANTHONY J. | ) |
| SICUSO, individually, | ) |
|         Defendants. | ) |
| | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS
PURSUANT TO RULE 72(B) TO REPORT AND RECOMMENDATION
OF MAGISTRATE ON DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed.R.Civ.P. 72(b), defendants Commonwealth of Massachusetts Office of the Commissioner of Probation, Commonwealth of Massachusetts Trial Court, John J. O'Brien, individually, and Anthony J. Sicuso, individually (collectively, "Defendants") respond to Plaintiff's Objections Pursuant to Rule 72(B) to Report and Recommendation of Magistrate on Defendants' Motion to Dismiss ("Objections"). The Report and Recommendation issued by Magistrate Judge Sorokin should be adopted as it correctly states and applies the law to the facts of this case. The Report and Recommendation and Defendants' Motion to Dismiss the Complaint Pursuant to Fed. RR. Civ. P. 12(b)(1), (6) for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Relief ("Defendants' Motion") adequately set forth the reasons the complaint

1

should be dismissed.[1] The Report and Recommendation lays out the necessary factual background and states the appropriate legal standards. Defendants have no need to supplement either of those subjects. Defendants submit this Response, therefore, only to address the applicability of the Parratt-Hudson doctrine.

As the Report and Recommendation articulates, plaintiff's § 1983 claim for a deprivation of due process is barred by the Parratt-Hudson doctrine. That doctrine "provides that when a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials, the due process inquiry is limited to the issue of the adequacy of the post-deprivation remedies provided." Report and Recommendation at p. 13.

In the Objections, plaintiff claims that he is contesting the process he was given post-deprivation. Plaintiff's Complaint and Plaintiff's Opposition to Motion to Dismiss ("Opposition"), however, tell a different story. See Complaint at ¶ 22; Opposition at p. 7. In both of those documents, plaintiff contends that he was deprived of due process by four specific occurrences: (1) witnesses in the hearing before defendant O'Brien were permitted to give testimony without being sworn[2]; (2) plaintiff was not permitted to engage in discovery prior to the hearing; (3) defendant O'Brien had lunch with an attorney for the Trial Court during plaintiff's hearing[3]; and (4) the outcome of the hearing

---

[1] The Report and Recommendation and Defendants' Motion are incorporated herein by reference.

[2] Plaintiff has cited to no case that requires that witnesses at a pre-deprivation proceeding give sworn testimony. As the Supreme Court noted in Cleveland Bd. of Educ. v. Loudermill, "the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions – essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." 470 U.S. 532, 545-546 (1985).

[3] Plaintiff's contention that he is entitled to a neutral fact finder at the pre-deprivation stage is not supported in the case law. See, e.g., Cronin v. Town of Amesbury, 81 F.3d 375, 387 (1st Cir. 1996) (noting that "[d]ue process does not 'require the state to provide an impartial decisionmaker at the pretermination hearing'") (internal citation omitted).

before defendant O'Brien appeared predetermined. These four issues concern the conduct of the pre-deprivation hearing. They amount to an allegation that defendant O'Brien engaged in random and unauthorized conduct. They are, therefore, squarely within the ambit of, and therefore barred by, Parratt-Hudson.

Even if, however, the Court allows plaintiff to argue that his § 1983 claim relates to post-deprivation process, his claims still fail. As Magistrate Sorokin noted, plaintiff had the opportunity to address each of these issues in his post deprivation proceedings and he took advantage of that opportunity. Report and Recommendation at pp. 13-14. Had either the Chief Justice for Administration and Management, who conducted plaintiff's first post-deprivation proceeding, or the Advisory Committee on Personnel Standards, which conducted plaintiff's second post-deprivation proceeding, determined these procedures to be inappropriate they could have vacated plaintiff's termination or required the hearing officer to conduct a new hearing with different procedures. Plaintiff, therefore, had post-deprivation process concerning not only his termination but also concerning the conduct of the hearing that resulted in his termination. Contrary to plaintiff's contention, due process does not require that post-deprivation exceed that given pre-deprivation. Rather, the cases hold that where the pre-deprivation process is limited, including process that is not adversarial, more expansive post-deprivation process will satisfy due process. See, e.g., as cited by plaintiff, Hadfield v. McDonough, 407 F.3d 11, 19-21 (1st Cir. 2005) (holding that plaintiff's claims were barred by Parratt-Hudson, and noting that defendants' refusal to grant plaintiff any pre-deprivation hearing was "random and unauthorized conduct"); Mard v. Town of Amherst, 350 F.3d 184, 193 (1st Cir. 2003), citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)

3

(holding that pre-deprivation process given plaintiff was sufficient, in part due to the "availability of more rigorous post-deprivation procedures"; upholding pre-deprivation procedure that did not include administrative hearing); Cronin v. Town of Amesbury, 81 F.3d 375, 388 (1st Cir. 1996) (holding that where post-deprivation procedures could correct any procedural anomalies in pre-deprivation process, due process is satisfied).

Plaintiff's contention that Defendants deprived him of due process concerns only the pre-deprivation hearing. Plaintiff's disagreement with the post-deprivation proceedings concerns their failure to correct what he perceives as pre-deprivation due process violations. Such a contention, however, is barred by the Parratt-Hudson doctrine.

Nor is plaintiff correct that Magistrate Sorokin erred in applying Parratt-Hudson at this stage of the proceedings. The Parratt-Hudson doctrine does not depend on the factual development plaintiff contends is necessary. As the First Circuit noted in Hadfield, "a government official has committed a random and unauthorized act when he or she misapplies *state law* to deny an individual that process due under a correct application of state law." 407 F.3d at 20 (emphasis added). The question for this Court in applying Parratt-Hudson is not what "an established policy of the Office of the Commissioner of Probation" required, but what state law required. Accordingly, the question of what process plaintiff was entitled to is a question of law capable of determination upon a motion to dismiss. It need not wait for discovery. Magistrate Sorokin's application of the Parratt-Hudson doctrine was not, therefore, premature.

Defendants request that the Court adopt Magistrate Sorokin's Report and Recommendation in its entirety.

        COMMONWEALTH OF MASSACHUSETTS
        OFFICE OF THE COMMISSIONER OF
        PROBATION, COMMONWEATLH OF
        MASSACHUSETTS TRIAL COURT, JOHN J.
        O'BRIEN, individually, and ANTHONY J.
        SICUSO, individually,

        By their attorneys,
        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ Sarah M. Joss_____
        Sarah M. Joss, BBO #651856
        Assistant Attorney General
        Trial Division
        One Ashburton Place
        Boston, Massachusetts   02108
        (617) 727-2200 x2081

Dated:  January 10, 2007

**CERTIFICATE OF SERVICE**

      I, Sarah M. Joss, Assistant Attorney General, hereby certify that I have this date, January 10, 2007, served the foregoing document upon the parties by mailing a copy first class, postage prepaid mail to: Mitchell J. Notis, Esq., Annenberg & Levine, LLC, 370 Washington Street, Brookline, MA  02446.

      /s/ Sarah M. Joss_____
      Sarah M. Joss