```
                    United States District Court
                      District of Massachusetts
```

```
_____
                               )
ANDREW CHMIELINSKI             )
                               )
         Plaintiff,            )
                               )
     v.                        )    Civil Action No.
                               )    05-11418-NMG
COMMONWEALTH OF MASSACHUSETTS  )
OFFICE OF THE COMMISSIONER OF  )
PROBATION, ET AL.,             )
                               )
         Defendants.           )
                               )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This case, brought pursuant to 42 U.S.C. § 1983, involves allegations of unlawful termination of employment. The plaintiff, Andrew Chmielinski ("Chmielinski"), formerly employed as Chief Probation Officer in the Milford Division, Worcester County, Massachusetts District Court, alleges that the defendants violated his due process and civil rights. The defendants are: 1) the Massachusetts Office of the Commissioner of Probation, 2) the Massachusetts Trial Court, 3) John J. O'Brien ("Comm'r O'Brien"), Commissioner of the Office of Probation, and 4) Anthony J. Sicuso ("Deputy Sicuso"), Deputy Commissioner/Legal Counsel of the Office of Probation.

On March 13, 2006, the defendants filed a joint motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted.  The Court referred the motion to United States Magistrate Judge Leo T. Sorokin.  On December 22, 2006, Magistrate Judge Sorokin issued a report and recommendation ("R&R") that the motion of the defendants be allowed.  After reviewing the R&R, the plaintiff's objections thereto and the defendants' response to the objections, the Court will accept and adopt the R&R after briefly discussing those objections.

## I. Dismissal of the Claims Against the Commonwealth and its Agencies

The Magistrate Judge recommends that the claims brought against the agencies of the Commonwealth of Massachusetts, i.e. the Office of the Commissioner of Probation and the Massachusetts Trial Court, be dismissed because they are barred by the Eleventh Amendment.  Chmielinski objects to the Magistrate Judge's analysis and contends that the Eleventh Amendment does not immunize governmental entities from _equitable_ relief.  His argument is unavailing.

In his objection, Chmielinski attempts to distinguish between monetary and equitable damages and cites a decision of the First Circuit Court of Appeals regarding the Age Discrimination in Employment Act ("ADEA"), State Police for

Automatic Retirement Assoc. et al. v. DiFava, 317 F.3d 6 (1st Cir. 2003).  Although the plaintiff quotes language from the case to the effect that the Eleventh Amendment does not preclude injunctive relief against a state, the case is misapplied (and misquoted).  The plaintiff's excerpt stops short of the operative language in that case which clearly states that such injunctive relief is "pursuant to Ex parte Young".  Id. at 12.  The doctrine of Ex parte Young, which carves out an exception to Eleventh Amendment immunity for suits against individual state officials, "has no application in suits against the States and their agencies, which are barred regardless of the relief sought". Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993)(citing Cory v. White, 457 U.S. 85, 90-91 (1982)).

**II.  Dismissal of the Claims Against the Individual Defendants**

The Magistrate Judge also recommends that the claims brought against the individual defendants (Comm'r O'Brien and Deputy Sicuso) be dismissed.  In his R&R, the Magistrate Judge concludes that Chmielinski had a property right in his continued employment under Massachusetts state law, but that he was legally deprived of that right through the exercise of constitutionally adequate procedures and, therefore, cannot allege a cognizable constitutional violation.

In reaching his conclusion to which Chmielinski objects, the Magistrate Judge finds that the defendants properly invoke the Parratt-Hudson doctrine because Chmielinski's assertions attack their conduct rather than state law process. That doctrine holds:

> When a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials, the Supreme Court has repeatedly emphasized that the due process inquiry is limited to the issue of the adequacy of the postdeprivation remedies provided by the state.

Hadfield v. McDonough, 407 F.3d 11, 19 (1st Cir. 2005)(quoting O'Neill v. Baker, 210 F.3d 41, 42 (1st Cir. 2000)).

In his objection to the R&R, Chmielinski disputes the application of the Parratt-Hudson doctrine at this stage of litigation and argues that because the doctrine applies only to "random and unauthorized conduct", additional discovery is necessary to determine whether the defendants' actions were "consistent with an established policy of the Office of the Commissioner of Probation". The defendants respond that the application of the doctrine turns on the requirements of state law and the Court need not, therefore, wait for discovery.

The Magistrate Judge properly concluded that this case does implicate the Parratt-Hudson doctrine. Although the plaintiff contends that the application of the doctrine at this stage is premature, this Court disagrees. The plaintiff makes no allegation that the statutory procedures themselves were

insufficient or violated his due process rights.  Rather, his complaint alleges numerous evidentiary errors, improper rulings and biased conduct of the defendants.  Those claims fall within the ambit of "random and unauthorized conduct".  See, e.g., Cronin v. Town of Amesbury, 895 F. Supp. 375, 386 (D. Mass. 1995), aff'd, 81 F.3d 257 (1st Cir. 1996).

Accordingly, the appropriate focus of this Court's review is the adequacy of post-termination remedies.  In that regard, the Magistrate Judge correctly held that the remedies provided "both by Massachusetts Court System rules and by state law, are adequate."  In coming to that conclusion, he relied heavily on Chmielinski's own statements and assertions:

> [In his complaint,] Chmielinski concedes that he made a detailed presentation of his objections concerning O'Brien's and Sicuso's conduct to the Chief Justice for Administration and Management pursuant to Massachusetts Court System Rule 16.400, and that he next exercised his statutory right pursuant to M.G.L. c. 211B, § 8, to make an oral argument to the Trial Court's Advisory Committee on Personnel Standards, comprised of the Chief Justices of the various court departments ... Chmielinski conceded at oral argument that the issues raised in his Complaint were raised before those reviewers.

In his objection, Chmielinski contends that post-termination process was insufficient primarily because he was not permitted a hearing but was allowed only written and oral appeals.

Chmielinski contends that the First Circuit requires that "the post-termination ... hearing be more comprehensive than the pre-termination hearing" and, therefore, he should have been

provided a post-termination hearing. The Court disagrees. Contrary to the plaintiff's contention, due process does not require generally that post-termination procedures exceed pre-termination process or, specifically, that a post-termination hearing is necessary. Rather, the cases cited by the plaintiff involve significantly limited pre-termination procedures or, in some cases, none at all. See, e.g., Hadfield, 407 F.3d at 19-20 (defendants failed to provide the plaintiff with a pre-termination hearing); Mard v. Town of Amherst, 350 F.3d 184, 193 (1st Cir. 2003)(pre-deprivation process, which did not include a hearing, was sufficient in part due to the availability of more rigorous post-deprivation procedures); Cronin, 81 F.3d at 388 (holding that due process requirements can be satisfied where post-deprivation procedures correct pre-deprivation process).

In cases with limited pre-termination procedures, post-termination requirements are necessarily greater. This is not such a case. In his R&R, the Magistrate Judge aptly concludes that:

> Chmielinski received notice and an opportunity to be heard. At the hearing, he had the opportunity to submit his own evidence and challenge the evidence submitted against him. He complains that his employer's order prohibiting him from contact with employees at the courthouse at which he had worked prevented investigation into the charges. The order, however, was not so broad. Chmielinski was represented by counsel; the order did not bar counsel's investigation into the facts. Both O'Brien's decision and the process which produced the decision were subject to review twice. Both the CJAM individually and later the Committee affirmed the decision.

The post-termination procedures afforded to Chmielinski were sufficient, especially in light of the fact that both notice and a hearing were provided to him in the pre-termination stage.

### ORDER

After consideration of Chmielinski's objections to the Magistrate Judge's report and recommendation, the Court accepts and adopts those recommendations. The defendants' motion to dismiss (Docket No. 13) is, therefore, ALLOWED.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: March 22, 2007